## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NNN 400 CAPITAL CENTER 16, LLC, *et al*., | ) Case No. 16-12728 (JTD) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| NNN 400 CAPITAL CENTER, LLC, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Adv. Proc. No. 18-50384 (JTD) |
| | ) |
| WELLS FARGO BANK, N.A., AS TRUSTEE | ) |
| FOR THE REGISTERED HOLDERS OF | ) |
| COMM 2006-C8 COMMERCIAL MORTGAGE | ) |
| PASS-THROUGH CERTIFICATES; LNR | ) |
| PARTNERS, LLC, a Florida Limited Liability | ) |
| Company; BERKADIA COMMERCIAL | ) |
| MORTGAGE, LLC, a Delaware Limited | ) |
| Liability Corporation; LITTLE ROCK - 400 | ) |
| WEST CAPITAL TRUST, a Delaware Statutory | ) |
| Trust; SOMERA ROAD, INC., a New York | ) |
| Corporation; and TACONIC CAPITAL | ) |
| ADVISORS, LP, a Delaware Limited | ) |
| Partnership, | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM OPINION</u>

Before the Court are Plaintiffs' Counsels' Motions for Reconsideration (the "Rubin Motion" and the "Cozen Motion") of the Court's August 9, 2019 Memorandum Order (the "Order"). (D.I. 259, 260). The Rubin Motion requests that the Court reconsider the Order to the extent that the Court imposed fee-shifting sanctions on Rubin & Rubin (the "Rubins") pursuant to its inherent authority. The Cozen Motion requests that the Court reconsider the Order to the extent that it denies fees to Cozen O'Conner ("Cozen") for services related to defending against Defendants' Motion for an Order to Show Cause (the "Show Cause Motion").

## I.    BACKGROUND

On July 1, 2019, Defendants filed the Show Cause Motion after the Court expressed concern over the accuracy of the Rubins' disclosures in connection with their application for employment. (D.I. 211). The facts underlying the Show Cause Motion are set out in the Order and will not be restated here. After briefing and argument, the Court issued the Order and imposed certain sanctions on the Rubins. Among those sanctions was the assessment of Defendants' attorneys' fees and costs in bringing the motion. The Rubin Motion argues that, under relevant case law, the Court's inherent authority does not provide a basis for imposing fee-shifting sanctions without a finding of bad faith. The Cozen Motion argues that the Court should allow Cozen to submit a fee application prior to denying those fees.

## II.    STANDARD OF REVIEW

Motions for reconsideration are governed by Bankruptcy Rule 9023, which expressly incorporates Federal Rule 59. Fed. R. Bankr. P. 9023. A motion under Rule 59(e) is properly before the Court where there is: (1) an intervening change in controlling law; (2) an availability of new evidence; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used to reargue the facts or the applicable law. *White v. New Century TRS Holdings, Inc.* (*In re New Century Holdings, Inc.*), 502 B.R. 416, 421 (Bankr. D. Del. 2013). Furthermore, a motion for reconsideration should be granted sparingly so as to not waste judicial resources. *Id.* Both Motions argue that the Court has overlooked or misapprehended some factual matter before the Court. The Court disagrees. However, the Court does believe that it must correct what is a clear error of law with respect to the Rubin Motion and prevent manifest injustice with respect to the Cozen Motion.

III.    DISCUSSION

    a.    The Rubin Motion

The Rubins' argument relies on the Supreme Court's decision in *Chambers*. In *Chambers*, the Court laid out three exceptions to the American Rule[1] which would allow a court to impose fee shifting sanctions under its inherent power: (i) the common fund exception—where a party's litigation efforts benefit others; (ii) willful disobedience of a court order; and, (iii) where the party acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991). The Rubins argue that, because the Court did not find that their failure to disclose was in bad faith, the Court may not impose fee-shifting sanctions pursuant to its inherent power. After a review of *Chambers* and its progeny, the court agrees that, under its inherent power, it is unable to impose fee-shifting sanctions.[2]

The Court may, however, impose fee-shifting sanctions under section 105 of the Bankruptcy Code. Section 105 gives the court broad power to take any action that is necessary or appropriate to enforce rules and prevent an abuse of the process. 11 U.S.C. § 105(a). Section 105(a) states that "[t]he court may issue *any* order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

> [Section] 105 uses the broad term "any" which encompasses all forms of orders including those that award monetary relief. The term "any" should be given this broad construction under the "settled ruled [sic] that a statute must, if possible, be construed in such fashion that every word has some operative effect." *United States v. Nordic Village,* 503 U.S. 30, 36, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). The broad term "any" is only limited to those orders that are "necessary or appropriate" to carry out the Bankruptcy Code. Therefore, the plain meaning of § 105(a) encompasses *any* type of order, whether injunctive, compensative or punitive, as long as it is "necessary or appropriate to carry out the provisions of"

---

[1] Under the American Rule, parties generally bear the responsibility of paying their own attorney's fees and costs.

[2] In *Chambers*, the court imposed sanctions for extra judicial conduct by a party as opposed to conduct covered by federal rules.

the Bankruptcy Code. *See Rice v. United States,* 78 F.3d 1144, 1151 (6th Cir.1996). We must construe § 105(a) by this plain meaning unless such construction presents "the rare case [ ] in which literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). There is nothing in the Bankruptcy Code to indicate that, compared to other remedies, monetary relief under § 105 is particularly not "necessary or appropriate."

*Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996). This power includes the authority to impose sanctions, including an award of attorney's fees, if a party violates a court order or rule. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 105 (3rd Cir. 2008) (noting that the Eighth Circuit has concluded that bankruptcy courts have the power to issue fee-shifting sanctions under section 105); *Houston v. Welt (In re Herman)* 632 F. App'x 580, 582 (8th Cir. 2015) (the bankruptcy court was within its power under section 105(a) to impose fee shifting sanctions); *See also In re Porto*, 645 F.3d 1294, 1303 (11th Cir. 2011). Sanctions under 105 are discretionary and do not require a finding of bad faith.

Alternatively, the court may also sanction disclosure violations under Rule 9011. *Walton v. LeBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000) ("a bankruptcy court has jurisdiction under Bankruptcy Rule 9011 to assess attorney's fees as sanctions against attorneys who fail to comply with the rule."); *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 237 (Bankr. E.D. Cal. 1988) (Acknowledging the possibility of imposing sanctions for Rule 2014 violations under Rule 9011, but declining to do so because the party's conduct made it underserving of the benefit of the rule.); *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1370 (7th Cir. 1991) ("a bankruptcy court may sanction misconduct relating the signed papers filed in "a case under the Bankruptcy Code."); *In re Pierce*, 809 F.2d 1356 n.21 (8th Cir. 1987) (citing *In re Gray*, 64 B.R. 505, 508-509 (Bankr. E.D. Mich. 1986) (counsel's certification of an application under Rule 2014 was a violation of Rule 9011)); *In re Mercury*, 280 B.R. 35 n. 10 (Bankr. S.D.N.Y. 2002) (citing *In re Black Hills*

*Greyhound Racing Ass'n*, 154 B.R. 285, 293 (Bankr. D.S.D. 1993) ("[a]n attorney who signs a statement under Rule 2014(a) that does not disclose potential conflicts of interest may also violate Rule 9011.")).

Like sanctions under section 105, sanctions under Rule 9011 do not require a finding of bad faith. The imposition of Rule 9011 sanctions requires only "objectively unreasonable conduct." *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995); *In re Palumbo Family P'ship*, 182 B.R. 447, 475 (Bankr. E.D. Va. 1995) ("[t]he standard for determining whether a document is well grounded in fact is one of "objective reasonableness"). Furthermore, factual omissions may be sanctionable under Rule 9011 when the omitted facts are material to the case. *Palumbo,* 182 B.R. at 475.

In the Order, the Court found that the Rubins' conduct was, at minimum, negligent. Having found negligent conduct by the Rubins, which is, by definition, objectively unreasonable conduct, sanctions under Rule 9011 are appropriate.

Finally, the Rubins argue that the Court's imposition of fee-shifting sanctions violated due process because they were not aware that the court would consider fee-shifting sanctions. The Court disagrees. In order to satisfy the requirements of due process, the Court must provide particularized notice of exactly what conduct is alleged to be sanctionable and some opportunity to respond to the charges. *Fellheimer*, 57 F.3d at 1225(quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990). Particularized notice requires that a party is "on notice as to the particular factors that he must address if he is to avoid sanctions." *Fellheimer*, 57 F.3d at 1225.

On June 19, 2019, the Court raised concerns regarding the disclosure issues and suggested that the Defendants file a motion for an order to show cause. Defendants filed the Show Cause Motion on July 2, 2019, which was fully briefed prior to the July 23, 2019 hearing on the Show

Cause Motion. Defendants' Show Cause Motion requested that the Court take certain actions against the Rubins that amount to sanctions (e.g., disqualification, revocation of fee applications, disgorgement of fees, etc.), all of which were within the court's authority to impose. Therefore, since June 19, 2019, the Rubins were on notice that the court was considering sanctions for the disclosure violations. Every issue relevant to the Court's imposition of sanctions was addressed in the briefing and at the July 23rd hearing. Indeed, the Rubins had ample notice and opportunity to be heard on the issues relevant to the sanctions. To be clear, the Court declined to issue an order to show cause not because the disclosure violations did not warrant such an order, but because the issues were already fully briefed and argued at the July 23rd hearing. Any further hearing and arguments would have been superfluous.

b. Objection to the Amount of Fees Requested by Defendants

When the Court assessed attorneys' fees against the Rubins, the Court provided the Rubins with an opportunity to object to the reasonableness of the fees requested by the Defendants. Defendants submitted their statements of fees and costs on August 16, 2019. (D.I. 254). The Rubins filed their objection on August 21, 2019. (D.I. 258). Counsel for Defendants Well Fargo Bank, N.A., LNR Partners, LLC, Berkadia Commercial Mortgage LLC, Little Rock-400 Capitol Trust, and Taconic Capital Advisors, LPs submitted a request for fees and costs of $177,885.50; Lead and Local Counsel for Defendant Somera Road, Inc. submitted requests for fees and costs of $50,257.85 and $9,945.00, respectfully. The Rubins object that fees and costs of over $238,000, for 30 pages of briefing and one and a half hours of oral argument, by three separate law firms, shocks the conscience. The Rubins' objection is well taken.

A bankruptcy court has an independent authority and responsibility to determine what fees are reasonable, relying on its own knowledge and experience. *See Lieb v. Topstone Industries,*

*Inc.*, 788 F.2d 151, 156, 158 (3d Cir. 1986) (Rule 11 grants "substantial flexibility to the trial judge in fixing the [sanction] amount" and determining "what amount is reasonable under the circumstances."); The main purpose of sanctions under Rule 9011 and section 105, including fee-shifting sanctions, is to deter conduct that amounts to abuse of the bankruptcy process, not to compensate opposing parties. *See In re Antonelli*, No. 11-20255(JHW), 2012 WL 280722, at *13 (Bankr. D. N.J. Jan. 30, 2012). Given that purpose, the court must consider equitable factors when deciding what constitutes an appropriate fee award. *Doering v. Union County Bd. of Chosen Freeholders*, 857 F2d. 191, 195-96 (3d Cir. 1988) ("courts must be careful not to impose monetary sanctions so great that they are punitive").

Keeping in mind that the purpose of imposing sanctions under either Section 105 or Rule 9011 is to deter future conduct rather than to compensate opposing parties, the Court declines to award the full amount of fees and costs requested by Defendants' counsel. The Court will therefore order the Rubins to pay the a reduced amount of fees as set out in the accompanying order.

c.   The Cozen Motion

Cozen asserts that the Court inappropriately sanctioned them by denying any fees for their work in defending against the Show Cause Motion when there was no allegation of wrongdoing on their part. To be clear, the Court's decision on Cozen's fees was not intended to be a sanction for any action taken by Cozen. Cozen's argument that the Court should weigh the appropriateness of any fees requested by it under the standards set out in section 330 and make factual and legal findings regarding whether the requested fees represent reasonable compensation is well taken. The Court will reserve a finding on whether the fees are reasonable until fees relating to the defense of the Rubins' disclosure violation are requested.

IV.    CONCLUSION

The Rubins' Motion is granted, however, for the reasons stated above, the Court finds that fee shifting sanctions are still appropriate. The Cozen Motion is granted. The Court will issue separate orders for each of the Motions.

Dated:  October 9, 2019

JOHN T. DORSEY, U.S.B.J.