# Morris James LLP

Brett D. Fallon
302.888.6888
bfallon@morrisjames.com

December 19, 2019

**VIA CM/ECF AND HAND DELIVERY**

The Honorable John T. Dorsey
U.S. Bankruptcy Court, District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

      Re:    NNN 400 Capitol Center v. Wells Fargo Bank, Adv. Pro. No. 18-50384-JTD
            Re:  D.I. Nos. 504, 537

Dear Judge Dorsey:

      Defendant Somera Road Inc. ("Somera") submits that Plaintiffs' response (D.I. 537, "Response") simply argues against the Court's December 2, 2019 ruling excluding the contents of Plaintiffs' Second Supplemental Interrogatory Responses from trial. The Response makes three arguments: (i) the information that was identified as a basis for Plaintiffs' complaints for the first time on the eve of trial was "known" or "available" to Somera before the late-served discovery responses; (ii) certain of the information identified to Defendants for the first time on the eve of trial was "referenced" in other discovery responses; and (iii) "much" of the information in the Declaration was beyond the scope of the discovery requests in question.

    **A. The Court has already rejected Plaintiffs' arguments regarding the late filed supplement.** Plaintiffs aver that the information contained only in their Second Supplemental Response to Defendants' Interrogatories ("Late Supplement") was available to Defendants at other times. Plaintiffs have already raised this argument to the Court during the December 2, 2019 hearing, and the Court specifically rejected Plaintiffs' position.[1] As the Court noted, Plaintiffs' argument acknowledges that Plaintiffs had access to the information throughout the pendency of the adversary proceeding and were required to disclose this information in discovery responses but chose not to do so.[2]

    **B. Plaintiffs' second argument refers to facts not in issue in the Motion.** Similar to Plaintiffs' arguments above, Plaintiffs also allege that, because "settlement discussions with their

---

[1] *See* Transcript of December 2, 2019 Hearing attached to the Motion as Exhibit 2 ("Hearing Transcript"), at pp. 16:14-21:6.

[2] Plaintiffs had access to all the newly disclosed information "since the beginning of this case, before the case was even filed" and the delay in supplementing was therefore "gamesmanship." (Hearing Transcript, at 20:25-21:2).

**Morris James** LLP

Hon. John T. Dorsey
December 19, 2019
Page 2

prior lender" and "a Dropbox link" were "referenced" elsewhere in prior discovery responses, portions of the Declaration addressing new types of confidential information that may implicate those topics should not be stricken. However, the specific categories and instances of alleged confidential information included in the Late Supplement and presented in the Declaration had never before been specifically disclosed to Somera as facts in support of Plaintiffs' claim, and thus those paragraphs should be struck under the clear terms of the Court's December 2, 2019 order.[3]

**C. The information contained in the Declaration is a mirror image of the categories of allegedly confidential information disclosed for the first time in the Late Supplement.** Plaintiffs also claim that the allegedly confidential "communications between the parties, information about the motivations of the parties, acts of parties … or other information" discussed in the Declaration, and revealed for the first time in the Late Supplement, somehow do not constitute "all information … that you contend constitute[s] confidential information" as requested by Somera's interrogatory request to Plaintiffs. Each paragraph of the Declaration Plaintiffs identify as outside the scope of Interrogatory 12 involve allegedly confidential information that they contend was transmitted to Somera, and thus all of those paragraphs fall squarely under the umbrella of the discovery requests to which Plaintiffs failed to fully respond until the eve of trial. Plaintiffs are essentially trying to argue that, for example, while they may have been obligated to identify *categories* of information that they contend were confidential, they were not obligated to identify the actual emails transmitting that information or the specific information in the emails. This argument is nonsense; Interrogatory 12 clearly requests that Plaintiffs specifically identify all sources of confidential information they intend to use in support of their breach of contract claim. Plaintiffs themselves recognized this fact, as their earlier responses to the interrogatory did in fact identify specific emails they contend transmitted confidential information.

**D. The Declaration constitutes inadmissible hearsay.** Finally, because the Court refused to admit the testimony related to the issues presented in the Declaration at trial, the Declaration constitutes inadmissible hearsay that would not be admissible at trial. The Declaration is therefore not proper evidence for consideration in support of a motion for summary judgment. *See, e.g., Shelton v. University of Medicine & Dentistry of N.J.*, 223 F.3d 220, 223, n. 2 (3d Cir. 2000) ("In this circuit, hearsay statements can be considered on a motion for summary judgment [only] if they are capable of admission at trial").

For all of the above reasons, the Court should disregard Plaintiffs' attempts to relitigate an issue which the Court fully addressed during the December 2, 2019 pretrial conference and strike the Declaration—a blatant attempt to back-door information into the record after the Court's clear ruling excluding its contents—from the summary judgment briefings.

---

[3] The Court instructed Plaintiffs that "whatever you put in your interrogatory response that you just identified on Saturday is excluded from trial … anything that [is] in the unverified interrogatory response answers that were just provided on Saturday will not be admitted at trial." (Hearing Transcript at 25:5-23).

Morris James LLP

Hon. John T. Dorsey
December 19, 2019
Page 3

                                                               Respectfully submitted,

                                                                */s/ Brett D. Fallon*

                                                                Brett D. Fallon (#2480)

cc:  All Counsel of Record

11433777/1