

**Thomas J. Francella, Jr.**
Direct Phone  302-295-2023
Direct Fax     302-250-4495
tfrancella@cozen.com

April 17, 2020

**VIA CM/ECF AND EMAIL:**

The Honorable John T. Dorsey
United States Bankruptcy Court
District of Delaware
824 N. Market Street, 5th Floor
Wilmington, DE 19801

       **In re:  NNN 400 Capitol Center 16, LLC, et al. v. Wells Fargo Bank, N.A., et al.;
       Adv. No. 18-50384 (JTD)**

Dear Judge Dorsey:

      Now that the deposition designations and proposed supplemental trial exhibits have been finalized and submitted to the Court, the Debtors respectfully request that the Court set a date for the submission of proposed findings of fact and conclusions of law ("FOFCL") consistent with the Court's March 6 Scheduling Order. The evidentiary record now consists of six days of trial transcripts, 20 deposition transcripts, and potentially over 700 trial exhibits. Given the large volume of evidence, as well as the passage of several months since the beginning of trial, the submission of FOFCL in lieu of traditional closing arguments would benefit both the Court and the parties, by allowing the parties to direct the Court to the most salient portions of the expansive evidentiary record.

      In addition, the Debtors respectfully emphasize that they formulated their trial strategy based on the assumption that the parties would have the ability to submit FOFCL, which the Court had included in the ground rules that it set out prior to trial. At the hearing on December 2, 2019, prior to trial, the Court stated:

> Now, with exhibits, I know how this works. I get multiple binders with hundreds or thousands of exhibits in it and then people end up referring to a handful of those exhibits.
>
> So just so everybody knows up front, if an exhibit is not referred to by a witness or is not referred to in post-trial submissions, which I'll talk about in a moment, that will be considered not to have been fairly presented to the Court for trial purposes and will not be considered by me in ruling.
>
> So I'm not going the sift through hundreds or thousands of documents that nobody has pointed out to me as being significant in any way to find out if there's anything

The Honorable John T. Dorsey
In re: NNN 400 Capitol Center 16, LLC et al.
Bankr. Case No. 16-12728 (JTD); Adv. No. 18-50384 (JTD)
Page 2

_____

>   in there that might be significant. So if it's important enough to include as an exhibit, make sure you refer to it during the trial or in post-trial submissions.
>
>   Post-trial submissions will be in the form of proposed findings of fact and conclusions of law.

Transcript, December 2, 2019, at p.7:24 to p.8:13.

During trial, and in the time since, the Debtors have relied on the Court's instructions and Scheduling Orders and intended to use the FOFCL as a roadmap to direct the Court to the key evidence supporting their causes of action. Having the opportunity to submit post-trial FOFCL in lieu of traditional closing arguments significantly influenced the Debtors' overall trial strategy and decision-making approaching and through trial. The Debtors would be prejudiced if they are now not permitted to lay out for the court their view of the significance of the facts in evidence, the controlling law in the multiple jurisdictions implicated by the issues raised by the pleadings and the appropriate legal conclusions emanating from the facts and law.

For these reasons, the Debtors respectfully request that the Court set a deadline for all parties to submit FOFCL and suggest that an appropriate deadline would be 10 days from the Court's final evidentiary rulings.

        Respectfully submitted,

        COZEN O'CONNOR

        */s/Thomas J. Francella, Jr.*

By:    Thomas J. Francella, Jr.
       (DE Bar I.D. 3835)

TJF/kcc
cc:
<u>via Electronic Mail</u>
Counsel for Lender Defendants
Counsel for Somera Road, Inc.
The United States Trustee
Counsel for Rubin and Rubin, P.A.
Kurt Gywnne, Esq.