# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NNN 400 CAPITOL CENTER 16, LLC, *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12728 (JTD)<br><br>(Jointly Administered) |
| NNN 400 CAPITOL CENTER, LLC, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE REGISTERED HOLDERS OF COMM 2006-C8 COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES; LNR PARTNERS, LLC, *et al.*,<br><br>Defendants. | Adv. Proc. No. 18-50384 (JTD) |

**PLAINTIFFS OPENING BRIEF IN SUPPORT OF MOTION
FOR A RULE TO SHOW CAUSE AND MOTION TO STAY, OR
IN THE ALTERNATIVE, MOTION TO STRIKE LENDER DEFENDANTS'
MOTION FOR DIRECTED JUDGMENT AND FOR RULE TO SHOW CAUSE
AND DEFENDANT SOMERA ROAD INC.'S MOTION FOR DIRECTED JUDGMENT**

---

[1] The debtors in these cases are: NNN 400 Capitol Center, LLC, Case No. 17-11250 (JTD); NNN 400 Capitol Center 1, LLC, Case No. 17-11251 (JTD); NNN 400 Capitol Center 2, LLC, Case No. 16-12741 (JTD); NNN 400 Capitol Center 3, LLC, Case No. 16-12750 (JTD); NNN 400 Capitol Center 4, LLC, Case No. 16-12752 (JTD); NNN 400 Capitol Center 5, LLC, Case No. 16-12753 (JTD); NNN 400 Capitol Center 6, LLC, Case No. 16-12754 (JTD); NNN 400 Capitol Center 7, LLC, Case No. 17-11253 (JTD); NNN 400 Capitol Center 8, LLC, Case No. 17-11254 (JTD); NNN 400 Capitol Center 9, LLC, Case No. 16-12755 (JTD); NNN 400 Capitol Center 10, LLC, Case No. 16-12730 (JTD); NNN 400 Capitol Center 11, LLC, Case No. 16-12731 (JTD); NNN 400 Capitol Center 12, LLC, Case No. 16-12732 (JTD); NNN 400 Capitol Center 13, LLC, Case No. 16-12733 (JTD); NNN 400 Capitol Center 14, LLC, Case No. 16-12735 (JTD); NNN 400 Capitol Center 15, LLC, Case No. 16-12736 (JTD); NNN 400 Capitol Center 16, LLC, Case No. 16-12728 (JTD); NNN 400 Capitol Center 17, LLC, Case No. 16-12737 (JTD); NNN 400 Capitol Center 18, LLC, Case No. 16-12738 (JTD); NNN 400 Capitol Center 19, LLC, Case No. 16-12739 (JTD); NNN 400 Capitol Center 20, LLC, Case No. 16-12742 (JTD); NNN 400 Capitol Center 21, LLC, Case No. 16-12743 (JTD); NNN 400 Capitol Center 22, LLC, Case No. 16-12744 (JTD); NNN 400 Capitol Center 24, LLC, Case No. 16-12746 (JTD); NNN 400 Capitol Center 25, LLC, Case No. 17-11258 (JTD); NNN 400 Capitol Center 26, LLC, Case No. 16-12747 (JTD); NNN 400 Capitol Center 27, LLC, Case No. 16-12748 (JTD); NNN 400 Capitol Center 28, LLC, Case No. 16-12749 (JTD); NNN 400 Capitol Center 30, LLC, Case No. 17-11255 (JTD); NNN 400 Capitol Center 32, LLC, Case No. 16-12751 (JTD); NNN 400 Capitol Center 35, LLC, Case No. 17-11256 (JTD); and NNN 400 Capitol Center 36, LLC, Case No. 17-11257 (JTD).

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is an adversary proceeding within jointly administered chapter 11 bankruptcy cases. Plaintiffs, NNN 400 Capitol Center, LLC, together with the above-captioned plaintiffs, debtors and debtors-in-possession (collectively, the "Plaintiffs") are the debtors in the bankruptcy cases. This proceeding was filed to adjudicate the claims of the Plaintiffs against the secured lender, its affiliates, and the lender's predecessors in interest.

Plaintiffs filed this adversary proceeding on April 13, 2018. On July 20, 2018, the Plaintiffs filed their first amended complaint ("Amended Complaint"). (D.I. 24). On October 4, 2018, after considering Defendants' Motions to Dismiss the Amended Complaint (D.I. 32-35), the Court entered a Memorandum Opinion (D.I. 64) and an Order denying both motions to dismiss in their entirety (D.I. 65).

The Plaintiffs filed their Second Amended Complaint (the "SAC") (D.I. 268) on September 5, 2019.

Lender Defendants and Defendant Somera Road, Inc. ("Somera") filed their effective Answers and Affirmative Defenses on October 18, 2018 (Adv. D.I. 68) and October 19, 2018 (Adv. D.I. 69), respectively. None of the affirmative defenses asserted contain any specificity or factual details, rendering them insufficient nullities.

The liability phase of this case was tried before this Court on December 9-13, 2019 and on January 24, 2020. (Adv. D.I. 508-512, 516-520, 522-525, 527-530, 532-534, 536, 555-558). Post-trial submissions in the form of deposition designations and trial exhibits were submitted to the Court by all parties on April 10, 2020 and ruled upon on May 7, 2020. (Adv. D.I. 701). Proposed Findings of Fact and Conclusions of Law were submitted by all parties on June 12, 2020. (Adv. D.I. 713, 714, 715).

## II. SUMMARY OF ARGUMENT

By their motion filed contemporaneously herewith (the "Motion"), the Plaintiffs seek entry of an order, pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Rules"), made applicable herein by Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Lender Defendants filed their Motion for a Directed Judgment and for a Rule to Show Cause (Adv. D.I. 711) and Defendant Somera filed its Motion for Directed Judgment (Adv. D.I. 716) on June 12, 2020,[2] in violation of this Court's unambiguous and repeated directive against the submission of further argument by the parties.

While Defendants asserted Affirmative Defenses in their response to the Plaintiffs' Amended Complaint, they are insufficiently pled so as to render them null. (Adv. D.I. 69). Yet now the Motions raise arguments not specifically pled by Defendants.

Further, the Motions are superfluous and untimely. The only reason to file a motion under Fed. R. Civ. P. 52(c) is to avoid the burden on Defendants in presenting a case during trial and for the sake of judicial economy. Here, the evidence, and the Plaintiffs' case, closed on May 7, 2020 with this Court's rulings on deposition designations and the admissibility of trial exhibits. (Adv. D.I. 700, 701).

These Motions represent yet another transparent attempt by Defendants to circumvent the Court's directive and force the Court into reading inappropriate, superfluous, and untimely arguments. Accordingly, this Court should enter a Rule to Show Cause against Defendants and consider sanctions for the fees incurred by the Plaintiffs in opposing the frivolous Motions or, in

---

[2] Lender Defendants' Motion and Defendant Somera's Motion will collectively be referred to herein as "the Motions."

the alternative, strike the Motions. This Court should also stay briefing on the Motions during the pendency of this Motion, pursuant to Local Rule 9006-2.

### The Adversary Proceeding

Plaintiffs commenced this Adversary Proceeding on April 13, 2018 by filing a 10-count Complaint (D.I. 1) against the following defendants (collectively, the "Defendants"):

- Little Rock–400 West Capitol Trust ("Little Rock"), the current holder of a loan in the original principal amount of $32 million (the "Loan") which is secured by commercial real property located in Little Rock, Arkansas owned by Plaintiffs as tenants in common. Little Rock is the only secured creditor in the Plaintiffs' bankruptcy cases;

- Somera, which the Plaintiffs allege is a commercial real estate investment firm. Plaintiffs further allege that Defendants Somera and Taconic Capital Advisors, LP ("Taconic") are affiliates and that Taconic was the undisclosed principal of Somera;

- Taconic, which Plaintiffs allege is a beneficial owner of Little Rock and an affiliate and undisclosed principal of Somera;

- Wells Fargo Bank, N.A. as Trustee for the Registered Holders of Comm-2006-C8 Commercial Mortgage Pass-Through Certificates ("Wells"), the prior holder of the Loan;

- Berkadia Commercial Mortgage LLC ("Berkadia"), a commercial loan servicer; and

- LNR Partners, LLC ("LNR"), a commercial loan servicer.

On July 20, 2018, the Plaintiffs filed an Amended Complaint (the "Amended Complaint") (D.I. 24), alleging the following (collectively the "Claims"): (i) Breach of Contract (against Wells); (ii) Negligence (against Wells, Berkadia, and LNR); (iii) Tortious Interference (against Wells, Berkadia, and LNR); (iv) Aiding and Abetting Tortious Interference (against Berkadia and LNR); (v) Declaratory Relief (against Little Rock); (vi) Breach of Master Confidentiality Agreement (against Somera); (vii) Unjust Enrichment (against Taconic and Little Rock); (viii) Breach of Master Confidentiality Agreement (against Taconic); (ix) Breach of Contract (against Little Rock);

and (x) Tortious Interference (against Little Rock, Taconic, and Somera ). The Plaintiffs' Claims arise out of, and are directly related to, the Loan and one or more confidentiality agreements related to Loan discussions.

Lender Defendants filed their Answer and Affirmative Defenses on October 18, 2018 (Adv. D.I. 68) and Defendant Somera filed its Answer on October 19, 2018. (Adv. D.I. 69).

The Plaintiffs filed the Second Amended Complaint (the "SAC") (D.I. 268) on September 5, 2019.

### III. ARGUMENT

The liability phase of trial was held before this Court on December 9-13, 2019 and on January 24, 2020. (Adv. D.I. 508-512, 516-520, 522-525, 527-530, 532-534, 536, 555-558). At the Court's direction, the parties submitted deposition designations with objections and trial exhibit objections for ruling on April 10, 2020. This Court rendered those rulings on May 7 and May 11, 2020, at which point the evidence was closed. (Adv. D.I. 700, 701).

On May 7, the Court presided over a brief telephonic conference with all parties during which it ruled that the <u>only</u> submission to the Court that remained was the Proposed Findings of Fact and Conclusions of Law from all parties. This Court set a deadline of Friday, June 12, 2020 for that submission, specifically emphasizing it did not want these submissions to contain **any** argument.

Plaintiffs abided by this clear direction from this Court. Defendants chose, instead, to circumvent it.

At the conclusion of the May 7 conference call, the Court asked if there was anything else the parties needed to discuss. This was met with silence from all parties.

Defendants did not advise the Court or the Plaintiffs that they also intended to file these instant Motions. In fact, despite the many opportunities presented over various telephone

conferences with the Court between the end of trial in January and the May 7 conference, defense counsel never provided notice to the Court or opposing counsel that it intended to file these Motions. Having heard the Court state clearly that it did not want or need any further argument from the parties, Defendants knew what the Court's reaction would have been at the May 7 conference if they mentioned their intention to file the Motions. So they chose to stay silent. Their silence, deception, and ambush litigation tactics cannot now be rewarded.

The only time defense counsel mentioned the possible filing of Rule 52(c) motions was on the last day of trial, on January 24, 2020. At that time, the Court acknowledged Lender Defendants' reservation. It would be the last time that defense counsel mentioned the filing of Rule 52(c) motions until they were submitted to the Court almost five months later.

Defendants waited until five weeks after the close of the trial record to bring the Motions, and then ambushed the Court and Plaintiffs with them on the same day as they filed respective Proposed Findings of Fact and Conclusions of Law. In an end-run around the Court's unambiguous and repeated directive that it did not need or want any further argument, Defendants filed these Motions in order to present arguments to the Court after the close of the case. Each of the Motions violate the Court's specific directives.

The Motions are untimely as the close of the Plaintiffs' evidence was in excess of thirty (30) days before the Motions were filed. If the Motions are permitted by the Court, a new phase of briefing will commence, resulting in substantial cost to the Plaintiffs and at great additional burden for the Court and its staff.

Further, Lender Defendants' continued personal attacks on counsel for the Debtors in their Motion for Rule to Show Cause is particularly reprehensible and premature at this stage of the

litigation, given the status of their Joinder of the Trustee's Motion to Disqualify scheduled to be heard on July 29, 2020.

These motions are yet another scorched earth tactic designed to use the power of the Lender Defendants and their servicers to overwhelm the resources of the Plaintiffs who are not on an equal financial footing with their adversaries.

This Court has previously recognized the federal judiciary's emphasis on "proportionality" and the guidance by the U.S. Supreme Court through Chief Justice Roberts on this issue. Litigation should be right sized by the court according to the matters before it. The Plaintiffs believe this was the underlying reasoning utilized by the Court in its curtailment of additional briefing and motion practice immediately before the trial commenced.

Similarly, Lender Defendants' Motion for Rule to Show Cause should also be stricken. The Court has not issued any final judgments in this case. Therefore, Defendants' Motion is premature. More importantly, Judge Gross of this Court previously ruled and rejected similar arguments in Defendants' Motions to Dismiss.

Rule 11 and its procedures are the remedy available to Defendants if they truly believe that there is a complete absence of fact or law to support the Plaintiffs' claims. Instead, Defendants chose to file these instant Motions, which are nothing more than a thinly veiled effort to sidestep the spirit and intent of this Court's unambiguous directives. Defendants have never served a Rule 11 motion on Plaintiffs' counsel.

This Court should strike these late and unauthorized motions, or at a minimum stay any briefing until this Court issues its Findings of Fact and Conclusions of Law.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request that the Court enter an order (i) for a Rule to Show Cause against Defendants as to why their Motions for Directed Judgment and for a Rule to Show Cause against I. Mark Rubin are proper; (ii) staying briefing on Defendants' Motions until resolution of the instant Motion; (iii) in the alternative, striking Defendants' Motions; (iv) for sanctions for violations of this Court's orders; (v) for abusive, harassing, and vexatious litigation tactics, and (iv) for such other and further relief as the Court deems just and proper.

Dated: June 18, 2020                COZEN O'CONNOR

/s/Thomas J. Francella
Thomas J. Francella, Jr. (No. 3835)
1201 N. Market Street, Suite 1001
Wilmington, Delaware 19801
Telephone: (302) 295-2000
Facsimile: (302) 250-4495
Email: tfrancella@cozen.com

-and-

Guy B. Rubin, Esq.
RUBIN & RUBIN, P.A.
2055 S. Kanner Hwy.
Stuart, FL 34994
Telephone: (772) 283-2004
Facsimile: (772) 283-2009
Email: grubin@rubinandrubin.com

*Counsel for the Plaintiffs*