**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NNN 400 CAPITOL CENTER 16, LLC, *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 16-12728 (JTD)<br><br>(Jointly Administered)<br><br>**RE: Bankr. D.I. 622** |
| NNN 400 CAPITOL CENTER, 16 LLC, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF COMM 2006-C8 COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES; LNR PARTNERS, LLC, *et al.,*<br><br>    Defendants. | Adv. Proc. No. 18-50384 (JTD)<br><br>**RE: Adv. D.I. 800** |

**DEBTORS' RESPONSE TO LENDER DEFENDANTS' RULE 54
MOTION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO LOAN
AGREEMENT AND, IN THE ALTERNATIVE, IN SUPPORT OF TAXABLE COSTS**

The Debtors in these jointly administered cases (the "Debtors"), by and through their

undersigned counsel, submit this Response to Lender Defendants' Rule 54 Motion for Attorneys'

---

[1] The debtors in these cases are: NNN 400 Capitol Center, LLC, Case No. 17-11250 (JTD); NNN 400 Capitol Center 1, LLC, Case No. 17-11251 (JTD); NNN 400 Capitol Center 2, LLC, Case No. 16-12741 (JTD); NNN 400 Capitol Center 3, LLC, Case No. 16-12750 (JTD); NNN 400 Capitol Center 4, LLC, Case No. 16-12752 (JTD); NNN 400 Capitol Center 5, LLC, Case No. 16-12753 (JTD); NNN 400 Capitol Center 6, LLC, Case No. 16-12754 (JTD); NNN 400 Capitol Center 7, LLC, Case No. 17-11253 (JTD); NNN 400 Capitol Center 8, LLC, Case No. 17-11254 (JTD); NNN 400 Capitol Center 9, LLC, Case No. 16-12755 (JTD); NNN 400 Capitol Center 10, LLC, Case No. 16-12730 (JTD); NNN 400 Capitol Center 11, LLC, Case No. 16-12731 (JTD); NNN 400 Capitol Center 12, LLC, Case No. 16-12732 (JTD); NNN 400 Capitol Center 13, LLC, Case No. 16-12733 (JTD); NNN 400 Capitol Center 14, LLC, Case No. 16-12735 (JTD); NNN 400 Capitol Center 15, LLC, Case No. 16-12736 (JTD); NNN 400 Capitol Center 16, LLC, Case No. 16-12728 (JTD); NNN 400 Capitol Center 17, LLC, Case No. 16-12737 (JTD); NNN 400 Capitol Center 18, LLC, Case No. 16-12738 (JTD); NNN 400 Capitol Center 19, LLC, Case No. 16-12739 (JTD); NNN 400 Capitol Center 20, LLC, Case No. 16-12742 (JTD); NNN 400 Capitol Center 21, LLC, Case No. 16-12743 (JTD); NNN 400 Capitol Center 22, LLC, Case No. 16-12744 (JTD); NNN 400 Capitol Center 24, LLC, Case No. 16-12746 (JTD); NNN 400 Capitol Center 25, LLC, Case No. 17-11258 (JTD); NNN 400 Capitol Center 26, LLC, Case No. 16-12747 (JTD); NNN 400 Capitol Center 27, LLC, Case No. 16-12748 (JTD); NNN 400 Capitol Center 28, LLC, Case No. 16-12749 (JTD); NNN 400 Capitol Center 30, LLC, Case No. 17-11255 (JTD); NNN 400 Capitol Center 32, LLC, Case No. 16-12751 (JTD); NNN 400 Capitol Center 35, LLC, Case No. 17-11256 (JTD); and NNN 400 Capitol Center 36, LLC, Case No. 17-11257 (JTD).

Fees and Expenses Pursuant to Loan Agreement and, in the Alternative, in Support of Taxable Costs [D.I. 800] (the "Motion").[2] In support of this Response, the Debtors state and represent as follows:

## I.      INTRODUCTION

1.      The Motion, together with the Lender Defendants' Motion for Relief Under Rule 7052 and Rule 9023 of the Federal Rules of Bankruptcy Procedure [D.I. 795] (the "7052 Motion"), constitutes a two-pronged strategy of the Lender Defendants to avoid the consequences of failing to introduce evidence as to the reasonableness of fees and costs asserted in their claim (and challenged in the Debtors' objection).  As set forth in the Debtors' response to the 7052 Motion (being filed substantially simultaneously herewith and incorporated herein by reference), the Lender Defendants know that the reasonableness of all their fees and expenses were the subject of the Trial and they have not asserted any legal or equitable basis as to why they should be permitted a "do-over".  The Motion, therefore, should be denied.

## II.      BACKGROUND

2.  On April 25, 2017, the special servicer for Prior Lender filed Proof of Claim No. 5 (the "Proof of Claim"), by which it asserted a secured claim arising out of a loan agreement dated August 18, 2006 by and between Lender Defendants' predecessor-in-interest and Debtors (the "Loan Agreement") and promissory note of same date in the original principal amount of $32,000,000.00 (the "Note").

3.      According to paragraph 3 of the Rider attached to the Proof of Claim, as of the Petition Date, each Debtor was jointly and severally indebted to Secured Lender in the amount of

---

[2] Unless otherwise indicated, capitalized terms used herein shall have the meanings assigned in the Motion.

not less than $29,837,613.44 "plus, without limitation, fees, costs, expenses, and interest, **which**

**continue to accrue up to the Petition Date and thereafter**…" (emphasis added).

4.    On April 16, 2018, the Debtors filed their *Objection to Claim No. 5, Asserted by*

*Little Rock 400 West Capitol Trust, as Successor in Interest to Wells Fargo Bank, N.A. as*

*Trustee* (the "Claim Objection"). [Bankr. D.I. 278].

5.    By the Claim Objection, the Debtors asserted that the Lender Defendant's claim

should be disallowed on four grounds:

> a.  The late payment charge is not allowable under the Loan
>     Documents and applicable state law;
>
> b.  Lender Defendants' attorneys' fees must be proven to be
>     reasonable and appropriate;
>
> c.  Default interest should be disallowed due to Lender
>     Defendants' wrongdoing or other inequitable conduct, and
>
> d.  Lender Defendants' unclean hands.

6.    In addition to the Claim Objection, on April 13, 2018, the Debtors commenced

adversary proceeding number 18-50384 (JTD)  (the "Adversary Proceeding"), by which they

asserted numerous claims against Lender Defendant and others.

7.    Pursuant to that certain Stipulation Between Debtors and Little Rock-400 West

Capitol Trust to Consolidate Adversary Proceeding and Debtors' Objection to Claim No. 5 filed

with the Court on January 9, 2019 the parties stipulated that "[t]he Adversary Proceeding and the

Claim Objection shall be consolidated for both pre-trial and trial purposes." [Bankr. D.I. 354-1]

8.    A trial on the consolidated Adversary Proceeding and Claim Objection was held

in December 2019. Following the trial, the parties submitted deposition designations of twenty

additional witnesses and sought admission of hundreds of additional exhibits. None of the

deposition designations or exhibits offered by Lender Defendants supported their right to recovery of any fees or expenses.

9.      On August 10, 2020, the Court entered its Findings of Fact and Conclusions of Law ("Findings and Conclusions"), and Final Judgment. [Bankr. D.I. 602 and 603]

10.      With respect to the issue of fees and costs, the Findings and Conclusions state as follows:

> The Court now turns to the fees and costs LR-400 asserts in its proof of claim pursuant to section 17.5 of the Loan Agreement. Section 17.5 requires that costs and expenses be reasonably incurred by the lender. Thus, Wells Fargo, LNR, or Berkadia must have actually and reasonably incurred the expenses. As discussed above, when questioned about the expenses, Joseph Polcari, LNR's representative, could not identify the basis for any of the expenses that LNR asserted in its payoff statement as a part of its secured claim. In addition to LNR's representative being unable to testify to the basis for the expenses, the lenders failed to introduce any evidence at trial to satisfy its burden with respect to its fees and expenses.
>
> Plaintiffs satisfied their burden with respect to the legal fees and miscellaneous charges asserted in the proof of claim. With the Plaintiffs satisfying their burden, the burden then shifted back to the Lender to prove its claim by a preponderance of the evidence. As discussed above, the Lender failed to meet its burden. Thus, the claim objection is sustained as to the late fees and expenses.

Findings and Conclusions, pp. 35-36.

11.      The denial of Lender Defendants' claims for late fees and expenses is now law of the case. Undeterred by the Court's decision, Lender Defendants now seek to remedy their failure to present evidence regarding reasonableness by offering declarations, extensive time records, billing statements, and other records to support the claim for over $4.6 million in fees. Lender Defendants are not entitled to the legal equivalent of a "Mulligan" and, for the reasons stated below, the Court should deny the Motion.

### III.    ARGUMENT

**A. The Court has already determined Lender Defendants' right to fees and expenses.**

12.    Lender Defendants' primary request is an award of $4,292,842.67 in attorneys'

fees and $326,066.20 in expenses pursuant to the terms of the section 17.5 of the Loan

Agreement. The central substantive problem with the Motion is that the question of Lender

Defendants' right to recovery of fees and expenses has already been litigated and decided. And,

as noted above, the Court determined that Lender Defendants "failed to introduce any evidence

at trial to satisfy its burden with respect to its fees and expenses," and the Court therefore

sustained the Debtors' objection to that portion of the claim. Findings and Conclusions, p. 36.

13.    It is important to bear in mind that Lender Defendants knew that their right to any

attorneys' fees and expenses was disputed and subject of a six-day trial in December 2019 (the

"Trial").  It was their burden to present evidence at Trial that would establish that right.

14.    As previously noted, the Proof of Claim explicitly asserted a right to "fees, costs,

expenses, and interest" that were continuing to accrue, and the Claim Objection very clearly

extended to all fees and expenses that might be claimed by Lender Defendants even post-petition

fees and expenses:

> The Debtors question the reasonableness of the fees and expenses asserted in the
> [Proof of Claim] **in the amount of $979,897.64 (or whatever other amount LR
> 400 may assert)**. LR 400 provides no detail as to what comprises these exorbitant
> amounts, rendering it difficult for the Debtors to lodge a specific line item
> objection at this time. Regardless, the Debtors object to any amount of fees or
> expenses sought by LR 400 based on the reasons set forth above regarding LR
> 400 and the Wells Fargo Parties' actions leading up to these bankruptcy cases as
> well as the circumstances surrounding LR 400's purchase of the Note. The
> Debtors object to the allowance of these fees and expenses, unless and until LR
> 400 proves that such fees and expenses are allowable under the Loan Documents
> and applicable law.

Claim Objection, ¶ 77 (emphasis added).

15.     Notwithstanding the undeniable clarity of the scope of the Claim Objection, as the Court found, Lender Defendants failed to produce any evidence at Trial to satisfy their burden of establishing a right to fees and expenses.

16.     The record also includes several filings by Lender Defendants that amply demonstrate that they fully understood that all of their attorneys' fees and expenses were disputed and were going to be determined at the trial on the Claim Objection.

17.     To take one example, the Proof of Claim specifically includes Lender Defendants' right to "**fees, costs, expenses, and interest, which continue to accrue up to the Petition Date and thereafter**." Proof of Claim, Rider, ¶ 3 (emphasis added). Such alleged fees and expenses arise out of a pre-petition agreement, and were necessarily as much a part of the claim as the principal, interest, or any other charges. *See, e.g., In re Atwood*, 293 B.R. 227, 232 (B.A.P. 9th Cir. 2003) ("Because § 506(b)'s applicability is limited to expenses 'provided for under the agreement under which such claim arose,' those expenses are inherently part of the pre-petition claim, although contingent and although the services may have been rendered post-petition..."); 5 Collier on Bankruptcy P 553.03 (16th 2020) ("In general, if the creditor incurs the attorney's fees postpetition in connection with exercising or protecting a prepetition claim that included a right to recover attorney's fees, the fees will be prepetition in nature, constituting a contingent prepetition obligation that became fixed postpetition when the fees were incurred. As a result, the incurred fees would become part of the creditor's prepetition claim rather than constitute a postpetition administrative expense."). As all fees and expenses were part of the Proof of Claim, it was incumbent upon Lender Defendants to present evidence in support of their right to such fees and expenses.

18.     Lender Defendants' thorough understanding that their right to *all* fees and expenses (which were allegedly continuing to accrue "up to the Petition Date and thereafter") was to be litigated and decided at the Trial is manifested in their own words in their proposed plan – filed on December 20, 2018 [D.I. 343] (the "Plan"). According to section 3.2 of the Plan:

> On the Effective Date, the undisputed portion of the Secured Creditor's Claim, consisting of: (x) unpaid principal in the amount of $30,060,292.79; (y) unpaid non-default rate interest in the amount of $4,456,238.00, from the Petition Date to December 7, 2018 and (z) additional nondefault rate interest accruing at the per diem rate of $5,193.75 from December 8, 2018 until the Effective Date; shall be paid in full. **The disputed portion of the Secured Creditor's Secured Claim, consisting of:** (u) default rate interest in the amount of $2,767,206.90 from the Petition Date to December 7, 2018; (v) additional default rate interest at the per diem rate of $3,340.03 from December 8, 2018 until the disputed portion of the Secured Creditor's Secured Claim is paid in full; **(w) expenses in the amount of $740,742.64 as of December 7, 2018; (x) late charges in the amount of $1,208,848.86; (y) accrued attorneys' fees (as of November 30, 2018) in the amount of $961,104.50; and (z) additional attorneys' fees and expenses from December 1, 2018 and December 8, 2018, respectively,** *until resolution or conclusion of the Lender Adversary Proceeding. The balance of the Secured Creditor's Claim shall be placed in the Secured Claim Disputed Reserve pending the outcome of the Objection to Little Rock – 400 West Capitol Trust's Claim.* Once the Objection to Little Rock – 400 West Capitol Trust's Claim: (i) has been adjudicated and a Final Order has been entered in connection thereto or (ii) has been settled or otherwise resolved by the parties, the balance of the funds contained therein will revert: (i) to the Secured Creditor if the Objection to Little Rock-400 West Capitol Trust's Claim is denied; (ii) to the Debtors if the Objection to Little Rock-400 West Capitol Trust's Claim is sustained; or (iii) to the party or parties in accordance with any settlement or agreement which resolves the Objection to Little Rock – 400 West Capitol Trust's Claim. Class 1A is unimpaired under the Plan and is conclusively presumed to have accepted the Plan and, therefore, Holders of Class 1A Claims are not entitled to vote to accept or reject.

Plan (emphasis added). [D.I. 345-1] While this plan has not been confirmed, the above-quoted language unambiguously reflects the Lender Defendants' thorough understanding that their right to fees and expenses was to be decided as part of the Trial. They should not now be heard to claim surprise.

19.     "In bankruptcy proceedings, a proof of claim serves many of the same functions as a complaint — it asserts a right to payment from the estate — and a claim objection is the functional equivalent of an answer—it contests that assertion, either in whole or in part." *In re Bryant*, 397 B.R. 903, 904 (Bankr. N.D. Ind. 2008). Lender Defendants asserted a right to fees and expenses in the Proof of Claim and the Debtors disputed that right unless and until Lender Defendants presented evidence to support their alleged right. The extent to which Lender Defendants were entitled to fees and expenses was undoubtedly part of the dispute to be decided at the trial, and there was no reason justifying Lender Defendants' failure to provide any evidence regarding that entitlement.

20.     Not only did Lender Defendants know that their right to fees and expenses was going to be decided at the Trial, they also apparently believed that they had met their burden. In their proposed findings and conclusions, Lender Defendants requested a conclusion that they "are entitled to their fees and costs incurred in connection with defending against this matter pursuant to Sections 17.5 and 17.6 of the Loan Agreement (J-263). Lender Defendants shall file a fee petition within 21 days of this Order." Lender Defendants' Proposed Findings of Fact and Conclusions of Law, Proposed Conclusion 2. [Adv. D.I. 713] The Motion essentially pretends that this conclusion was adopted by the Court, when, in reality, it was not.

21.     Aside from the naked request for a "do-over," what the Motion really represents is an improper request for this Court to amend its Findings and Conclusions. Such a request should be made under either Fed. R. Bankr. P. 7052 or 9023, something that Lender Defendants have in fact done by a separate motion filed contemporaneously with the Motion. On the basis of the Court's Facts and Conclusions as actually entered, however, Lender Defendants' request for fees and expenses must be denied.

**B. The Court should deny the request for an award of taxable costs.**

22.     In the alternative to the award of fees and expenses, Lender Defendants seek an award of $94,455.84 as taxable costs pursuant to Fed. R. Bankr. P. 7054(a), 28 U.S.C. §§ 1920 and 1921, and Rule 54.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

23.     Fed. R. Bankr. P. 7054(b)(1) provides, in relevant part, that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." "[T]here is no presumption for an award of costs to the prevailing party" under Rule 7054(b)). *In re Inv. Bankers, Inc.*, 135 B.R. 659, 670 (Bankr. D. Colo. 1991), aff'd, 161 B.R. 507 (D. Colo. 1992), *aff'd,* 4 F.3d 1556 (10th Cir. 1993). "The award of costs is discretionary." *In re Am. Remanufacturers, Inc*., 453 B.R. 235, 238 (Bankr. D. Del. 2011) (*citing Northwestern Corp. v. Magten Asset Mgmt. Corp. (In re Northwestern Corp.)*, 326 B.R. 519, 529 (Bankr.D.Del.2005).

24.     In this case, the Court should deny the request for costs on the grounds that the Debtors did not act in bad faith in pursuing the Claim Objection and Adversary Proceeding. Indeed, the Debtors prevailed – at least partially – on the Claim Objection. "Although there may be no general rule requiring a finding of bad faith on the part of the nonprevailing party in order to award costs, it is within the bounds of permissible choice for the court to consider the presence or absence of bad faith or conduct as a determinative factor." *In re Borges,* 2014 WL 1364956, *1 (10th Cir. BAP Apr. 8, 2014).

## IV.    CONCLUSION

Lender Defendants had every opportunity to present evidence regarding their right to fees and expenses and failed to do so. The Court therefore correctly sustained the Debtors' objection to allowance of those fees and expenses. Despite the express language of the Court's Findings and Conclusions, Lender Defendants have now filed the Motion in an improper attempt to have a second bite at the apple. Unless and until the Court were to amend its Findings and Conclusions, the request for attorneys' fees and expenses must be denied. The Debtors further submit that the Court should deny the request for costs for the reasons discussed above.

In sum, the Debtors respectfully request that the Court enter an order denying the Motion in its entirety and granting such further relief as may be just and equitable.

Dated:  September 8, 2020                                COZEN O'CONNOR

*/s/ Thomas J. Francella*
Thomas J. Francella, Jr. (DE #3835)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
tfrancella@cozen.com

*Counsel for Debtors*