**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NNN 400 CAPITAL CENTER 16, LLC, *et al.*, | ) | Case No. 16-12728 (JTD) |
| | ) | (Jointly Administered) |
| Debtor(s). | ) | |
| _____ | ) | **Re: D.I. Nos. 619, 620** |
| NNN 400 CAPITAL CENTER, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| v. | ) | Adv. Proc. No. 18-50384 (JTD) |
| | ) | |
| WELLS FARGO BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendant(s). | ) | **Re:  Adv. D.I. Nos. 797, 799** |

## <u>MEMORANDUM OPINION</u>

Following trial in this Adversary Proceeding, the Court issued its Findings of Fact and

Conclusions of Law (D.I. 602, Adv. D.I. 785) and accompanying Final Judgment (D.I. 603, Adv.

D.I. 786) and Order (Adv. D.I. 604), ruling in favor of Defendants on substantially all claims.

On August 24, 2020, defendant Somera Road, Inc. ("Somera") filed a Bill of Costs (D.I. 619,

Adv. D.I. 797) and accompanying Brief in Support (D.I. 620, Adv. D.I. 799), which, in the

interest of judicial economy, the Court will treat as a motion to request taxable costs pursuant to

Rule 7054 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the

Motion is granted.

### I.       STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 7054 provides that "[t]he court <u>may</u> allow

costs to the prevailing party except when a statute of the United States or these rules otherwise

provides."  Fed. R. Bankr. Proc. 7054(b)(1) (emphasis added).  The language of the Bankruptcy

Rule is more permissive than its counterpart in the Federal Rules of Civil Procedure, which states

"[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1) (emphasis added).[1]  "Thus, there is no presumption created in favor of awarding costs under Bankruptcy Rule 7054(b)."   10 *Collier on Bankruptcy* ¶ 7054.05 (16th 2020) (citing *In re Clansy*, No. 04-40504, 2008 Bankr. LEXIS 3700 at *7-9 (Bankr. S.D. Tex. Jan. 18, 2008 ) (citing cases noting the distinction between the bankruptcy and civil standards and "declin[ing] to read the presumption created by Civil Rule 54(d) into Bankruptcy Rule 7054(b) when Congress explicitly chose not to incorporate it.").  The decision to award costs is therefore within the sound discretion of the Court.

Sections 1920 and 1921 of Title 28 of the United States Code set forth the types of costs allowable, which include fees of the clerk and marshal, fees for transcripts necessarily obtained for use in the case, fees for disbursements for printing and witnesses, fees for exemplification and costs of making copies necessarily obtained for use in the case, docket fees under Section 1923 and compensation of court appointed experts, interpreters, and related services.   28 U.S.C. §§ 1920, 1921.  "The prevailing party bears the initial burden of establishing that each specifically documented cost that it seeks falls within the itemized list of permissible costs in [the Code], and persuading the Court that the costs were reasonably necessary to the litigation." *In re Clansy*, 2008 Bankr. LEXIS 3700 at *10.  "After the prevailing party meets its burden, the burden of persuasion shifts to the opposing party, to show that costs should not be allowed under

---

[1] The difference in phrasing is one with a distinction from the perspective of the clerk of court, who will typically enter a bill of costs filed pursuant to Rule 54 without a judgment from the court, but may not do so for a bill of costs filed pursuant to Rule 7054.  *See* Bankruptcy Form B2630 Instructions, Applicable Rules and Law ¶ 4  *available at* http://www.uscourts.gov/forms/bankruptcy-forms/bill-costs ("The clerk will not tax costs unless the judgment signed by the court specifically awards costs to the prevailing party. Rule 7054(b).  The Bankruptcy Rule is different from Fed. R. Civ. P. 54(d), where costs are allowed unless the court orders otherwise.").

the circumstances." *Id.* citing *D&B Countryside, L.L.C. v. Newell*, 217 B.R. 72, 75 (Bankr. E.D. Va. Feb. 9, 1998).

## II.    DISCUSSION

In support of its Motion, Somera submitted extensive documentation of the expenses it incurred in connection with its defense of the Adversary Proceeding. (D.I. 799).  Plaintiffs do not dispute the Motion on its merits, but only the procedure Somera followed in getting its request before the Court.[2]  Having reviewed the parties' submissions, the Court concludes that the costs sought by Somera are of the type allowable under Sections 1920 and 1921, and were reasonably necessary to the litigation.  Accordingly, taxable costs in the amount of $72,869.27 are awarded.

## III.    CONCLUSION

Somera's Motion for Costs under Rule 7054 of the Federal Rules of Bankruptcy Procedure is granted.  The Court will enter a judgment and order consistent with this opinion.

Dated: October 21, 2020

JOHN T. DORSEY, U.S.B.J.

---

[2]  As noted above, in the interest of judicial economy, the Court will treat Somera's Bill of Costs (D.I. 619, Adv. D.I. 797), the accompanying Brief in Support (including declaration and detailed expense reports) (D.I. 620, Adv. D.I. 799), the Debtors' Response (Adv. D.I. 838), and Somera's Reply (Adv. D.I. 847) as a motion for costs made pursuant to Bankruptcy Rule 7054(b)(1).